| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |
| GLENN SUNKETT,<br>BRITTNEY FLOW-SUNKETT,<br><br>Plaintiffs,<br><br>vs.<br><br>RALPH DIAZ, et al.,<br><br>Defendants. | 1:19-cv-00816-AWI-GSA-PC<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW CASE FOR PLAINTIFF BRITTNEY FLOW-SUNKETT<br><br>THIRTY-DAY DEADLINE FOR PLAINTIFFS TO EACH FILE A SECOND AMENDED COMPLAINT IN THEIR OWN CASES, NOT EXCEEDING 25 PAGES<br><br>THIRTY-DAY DEADLINE FOR PLAINTIFF BRITTNEY FLOW-SUNKETT TO SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY THE $400.00 FILING FEE IN HER OWN CASE |

**I.  BACKGROUND**

Glenn Sunkett and Brittney Flow-Sunkett ("Plaintiffs") are proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff Glenn Sunkett filed the Complaint commencing this action on June 12, 2019.[1]  (ECF No. 1.)  On July 11, 2019, Plaintiff Glenn Sunkett filed a motion for leave to amend the Complaint and lodged a proposed First Amended

---

[1] Although Brittney Flow-Sunkett was listed as a Plaintiff on the face of the Complaint, she did not sign the Complaint.  Therefore, Glenn Sunkett was the sole Plaintiff in the original Complaint.

Complaint signed by both Plaintiffs. (ECF Nos. 12, 13.) On August 22, 2019, the court issued an order addressing the motion to amend and informed Plaintiffs that under Rule 15(a) of the Federal Rules of Civil Procedure they had leave to amend the Complaint once as a matter of course. (ECF No. 15.) The First Amended Complaint was deemed timely filed as of July 11, 2019. (Id.)

## II. SEVERANCE OF CLAIMS

Plaintiff Glenn Sunkett is a state prisoner currently incarcerated at Kern Valley State Prison in Delano, California, and Plaintiff Brittney Flow-Sunkett is a non-prisoner residing at a street address in Hayward, California. The two Plaintiffs are husband and wife.

After reviewing the First Amended Complaint, the Court has determined that each Plaintiff should proceed separately on his or her own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

In the Court's experience, an action brought by multiple plaintiffs proceeding *pro se* in which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs, will lead to delay and confusion. Therefore, Plaintiffs' claims shall be severed. Plaintiff Glenn Sunkett shall proceed as the sole plaintiff in this case, and a new case shall be opened for Plaintiff Brittney Flow-Sunkett. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each Plaintiff shall be solely responsible for prosecuting his or her own action.

Since the claims of the Plaintiffs will be severed, each of the Plaintiffs shall be granted thirty days to file, in his or her own action, a Second Amended Complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Plaintiffs must each demonstrate in their individual amended complaints how the conditions complained of resulted in a deprivation of their constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Each Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969. Each amended complaint must specifically state how each named defendant is involved. Each Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his or her rights. Jones, 297 F.3d at 934 (emphasis added).

**Each of the Plaintiff's Second Amended Complaints may not exceed 25 pages, including the pages in the form complaint and any exhibits. If typewritten, the Second Amended Complaints must be double-spaced.** Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). The First Amended Complaint is 185 pages long, including exhibits. Rule 8(a) requires a plaintiff to set forth his or her claims in short and plain terms, simply, concisely and directly. See Swierkiewicz, 534 U.S. at 514 ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The Court (and each defendant) should be able to read and understand Plaintiff's pleading within minutes. McHenry v. Renne, 84 F.3d 1172, 1179–80 (9th

Cir. 1996). The First Amended Complaint fails to comport with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." The lengthy narrative in the First Amended Complaint does not clearly or succinctly allege facts against the named defendants. **Twenty-five pages, including the pages in the form complaint and any exhibits, is more than sufficient for each Plaintiff to identify his or her claims and set forth specific facts in support of those claims. Furthermore, if typewritten, the Second Amended Complaint must be double-spaced.**

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiffs that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If Plaintiffs' actions reach a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), they will have the opportunity at that time to submit their evidence.

Plaintiff Brittney Flow-Sunkett shall also be required to submit an application to proceed *in forma pauperis* or pay the $400.00 filing fee for her own action, within thirty days.

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purpose of adding allegations of events or issues arising after this action was commenced on June 12, 2019. Also, Plaintiffs are not permitted to bring unrelated claims in the same complaint. Fed. R. Civ. P. 18(a).

Finally, Plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Each amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

## III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Glenn Sunkett shall proceed as the sole plaintiff in case number 1:19-cv-00816-AWI-GSA-PC;
2. The claims of Plaintiff Brittney Flow-Sunkett are severed from the claims of Plaintiff Glenn Sunkett;
3. The Clerk of the Court is directed to:
   a. Open a separate § 1983 civil action with nature of suit 550 for:

      Brittney Flow-Sunkett
      27952 Pueblo Serena
      Hayward, CA  94545

   b. Assign the new action to the District Judge and Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
   c. File and docket a copy of this order in the new action opened for Plaintiff Brittney Flow-Sunkett;
   d. Place copies of the Complaint (ECF No. 1), which was filed on June 12, 2019, and the First Amended Complaint (ECF No. 13), which was filed on July 11, 2019, in the new action opened for Plaintiff Brittney Flow-Sunkett;
   e. Send to each of the two Plaintiffs an endorsed copy of pages 1-32 of the First Amended Complaint (ECF No. 13), filed on July 11, 2019, bearing the case number assigned to his or her own individual action;
   f. Send each of the two Plaintiffs a § 1983 civil rights complaint form; and
   g. Send to Plaintiff Brittney Flow-Sunkett an application to proceed *in forma pauperis* for a non-prisoner;
6. Within **thirty (30) days** from the date of service of this order, the two Plaintiffs shall each file an amended complaint bearing their own case number and **not**

**exceeding 25 pages, including the pages in the form complaint and any exhibits; if typewritten, the amended complaint shall be double-spaced**.

7. Each amended complaint should be clearly and boldly titled "Second Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury;

8. Within **thirty (30) days** from the date of service of this order, Plaintiff Brittney Flow-Sunkett shall submit an application to proceed *in forma pauperis* or payment of the $400.00 filing fee, in her own case; and

9. <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

Dated: **October 29, 2019**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE