# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN SUNKETT,<br><br>        Plaintiff,<br><br>    vs.<br><br>RALPH DIAZ, et al.,<br><br>        Defendants. | 1:19-cv-00816-AWI-GSA-PC<br><br>**ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL UNDER RULE 41**<br>**(ECF No. 17.)**<br><br>**ORDER DIRECTING CLERK TO CLOSE FILE** |

Glenn Sunkett ("Plaintiff") is proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 12, 2019.[1] (ECF No. 1.)

---

[1] Although Brittney Flow-Sunkett was listed as a plaintiff on the face of the Complaint, she did not sign the Complaint. (ECF No. 1.) Therefore, Glenn Sunkett was the sole plaintiff in the original Complaint.

On July 11, 2019, plaintiff Glenn Sunkett filed a motion for leave to amend the Complaint and lodged a proposed First Amended Complaint signed by himself and Brittney Flow-Sunkett. (ECF Nos. 12, 13.) On August 22, 2019, the court issued an order addressing the motion to amend and informed plaintiff that under Rule 15(a) of the Federal Rules of Civil Procedure he had leave to amend the Complaint once as a matter of course. (ECF No. 15.) The First Amended Complaint, filed by plaintiffs Glenn Sunkett and Britney Flow-Sunkett, husband and wife, was deemed timely filed as of July 11, 2019. (Id.) As a result, both Glenn Sunkett and Brittney Flow-Sunkett proceeded as plaintiffs in this case.

On October 29, 2019, the court issued an order severing plaintiff Brittney Flow-Sunkett's claims from plaintiff Glenn Sunkett's claims and opened a new case for Brittney Flow-Sunkett. (ECF No. 16.) Pursuant to the order, Glenn Sunkett is now the sole plaintiff in this case and Brittney Flow-Sunkett proceeds with her own case, 1:19-cv-01528-AWI-GSA-PC, Flow-Sunkett v. Diaz, et al..

On November 25, 2019, Plaintiff filed a notice of voluntary dismissal of this case. (ECF No. 17.) Plaintiff has a right to voluntarily dismiss this case under Rule 41 of the Federal Rules of Civil Procedure. In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997). No defendant has filed an answer or motion for summary judgment in this case. Therefore, Plaintiff's notice of dismissal is effective, and this case shall be closed.

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's notice of dismissal is effective as of the date it was filed;

2.     This case is DISMISSED in its entirety without prejudice; and

3.     The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:     **December 2, 2019**                     **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE